UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDDY B. JENSEN,<br><br>        Plaintiff,<br><br>    v.<br><br>COMCAST CORPORATION,<br><br>        Defendant. | CASE NO. C20-293RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on a Motion to Dismiss under Rule 12(b)(6) brought by Defendant Comcast Corporation. Dkt. #10. Plaintiff Jensen opposes. Dkt. #12.

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Plaintiff's Complaint is completely devoid of factual background. *See* Dkt. #1. Mr. Jensen states he is suing Comcast for "sexual discrimination" but provides no citation to law. *Id*. at 3. The amount in controversy is stated as "one hundred billion dollars." *Id.* at 5. The entire statement of claim reads: "due to the respondents [sic] actions I was impoverished and subject to demeaning & abusive comments & behaviors." *Id*. Under "Relief" Mr. Jensen states "I face direct employment losses & pension opportunities at one million dollars & punitive damages determined by the court." *Id*.

The Complaint clearly fails to satisfy Rule 8(a)'s requirement that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Absent further information, Comcast would clearly be unable to respond to this Complaint and dismissal without prejudice and leave to amend would be warranted.

Comcast, however, informs the Court that Mr. Jensen has previously filed suit against it for this exact claim. On October 15, 2019, Plaintiff filed an identical Complaint with this Court alleging the exact same claim of "sexual discrimination." Case No. 19-1646-JCC, Dkt. #1. Comcast filed a Motion to Dismiss under Rule 12(b)(6) on November 22, 2019. Case No. 19-1646-JCC, Dkt. #4. Plaintiff did not respond to the Motion, and, on December 30, 2019, the Honorable John C. Coughenour granted the Motion to Dismiss and did not grant Plaintiff leave to amend. Case No. 19-1646-JCC, Dkt. #9. Mr. Jensen filed a "Request the Court to Reconsider and Reopen the case" ("Plaintiff's Request to Reconsider") on January 10, 2020; Judge Coughenour denied Plaintiff's Request in its entirety on February 3, 2020, noting that

Plaintiff "never explains why he failed to respond to Defendant's motion to dismiss or prove in a timely manner that Defendant was 'trying to deceive and lie to the Court.'"  Case No. 19-1646-JCC, Dkt. #15.

Mr. Jensen does not deny any of the above.  Given this procedural background, the Court agrees with Comcast that this case is properly be dismissed with prejudice.  *See* Dkt. #10 at 4–5 (citing*, inter alia*, *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011)).  Even if *res judicata* did not apply, the Court would dismiss this case with prejudice and without leave to amend given that Mr. Jensen has previously pursued the same claims, received notice of the deficiency of his claims, and failed to supplement his new Complaint with additional facts or legal argument.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Comcast's Motion to Dismiss, Dkt. #10, is GRANTED.  Plaintiff's claims are DISMISSED WITH PREJUDICE. This case is CLOSED.

DATED this 18th day of May, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE